IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HOLLY STIEGEL and RAIDEN STIEGEL,

    Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY and AUTO INJURY SOLUTIONS, INC.,

    Defendants.

CASE NO. 4:16-CV-346 (CDL)

O R D E R

Plaintiff Holly Stiegel claims she was injured in a car wreck and that she incurred medical expenses as a result. She further claims that her automobile insurer at the time of the wreck, Defendant USAA Casualty Insurance Company ("USAA"), refused to reimburse her after she submitted a claim under her insurance policy for the payment of those medical expenses. She subsequently filed this action against USAA, claiming that it refused in bad faith to pay her claim for medical expenses that were covered by the medical payments coverage portion of her policy. She asserted claims for breach of the insurance contract, and she also sought bad-faith penalties pursuant to O.C.G.A. § 33-4-6.

During discovery, her attorneys unearthed evidence that they thought would enlarge an otherwise mundane breach of

contract claim into a sinister (and potentially more lucrative) fraud claim that includes allegations of criminal misconduct pursuant to the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. § 16-14-1 *et seq.* She alleged that USAA and Defendant Auto Injury Solutions, Inc. ("AIS") colluded to devise a scheme whereby USAA would accept money from insureds in the form of insurance premiums, knowing that it was not going to pay legitimate claims asserted under its insureds' medical payments coverage, and refer those claims to AIS with the understanding that AIS would find ways to justify the denial of legitimate claims or reduce the amount that was legitimately owed. Finding that these claims should best be tested at the motion to dismiss and summary judgment stage, the Court granted Plaintiff's motion to amend her Complaint to add claims for fraud, RICO violations, and unjust enrichment. The Court also allowed her to add as a plaintiff her husband, who was the named insured on the USAA policy, and to join as a party defendant AIS, which she alleges conspired with USAA to commit this tortious and illegal conduct.

Defendants now move to dismiss Plaintiffs' fraud, RICO, and unjust enrichment claims. Defendants maintain that the exclusive cause of action for remedying the Plaintiffs' alleged injuries is one for breach of contract and bad-faith under Georgia's refusal to pay insurance claims statute, O.C.G.A.

2

§ 33-4-6. Neither party has pointed the Court to a single decision by any Georgia appellate court deciding this issue directly, nor has the Court found such precedent on its own. It thus appears that the issue of whether § 33-4-6 precludes Plaintiffs' RICO and fraud claims is an issue of first impression in Georgia. As explained in the remainder of this Order, the Court concludes that Georgia courts would likely hold that § 33-4-6 does not preclude the assertion of fraud and RICO claims simply because an insured may also have a bad-faith breach of contract claim. Furthermore, the Court finds that Plaintiffs have sufficiently alleged fraud and RICO claims. Defendants have a stronger argument that Plaintiffs have no unjust enrichment claim under Georgia law based on the facts alleged in their Complaint. Although skeptical of their ability to prevail on that claim, the Court declines to dismiss it at this stage of the proceedings. Accordingly, USAA's motion to dismiss (ECF No. 30) and AIS's motion to dismiss (ECF No. 34) are denied.

FACTUAL BACKGROUND

Plaintiffs allege the following facts in support of their claims. The Court must accept these allegations as true for purposes of the pending motions.

Holly Stiegel was injured in a car wreck in January of 2014 and again in another car wreck in February of that same year.

Both wrecks were caused by the other drivers' negligence. As a result of the collisions, Stiegel suffered severe injuries and eventually underwent a three-level cervical fusion surgery. At the time, her husband, Raiden Stiegel, was the named insured on an automobile insurance policy issued by USAA. Holly Stiegel was a covered driver under the policy. Plaintiffs' insurance policy had both underinsured motorist coverage and "medical payments coverage." The medical payments coverage was represented by USAA to cover "the reasonable and necessary medical expenses and funeral expenses because of BI (bodily injury) or death caused by an auto accident." Am. Compl. ¶¶ 10–12, ECF No. 31 (quoting Stiegel Insurance Policy, ECF No. 31-15). After USAA paid the Stiegels a sum from the underinsured motorist coverage, Holly Stiegel's counsel sent a demand to USAA for the policy limits of the medical payments coverage. Her counsel submitted all of her medical bills and medical records related to her treatment after the two car wrecks. Plaintiffs allege that USAA denied Stiegel's claim for medical payments coverage in bad faith, leaving them with unpaid medical expenses.

Plaintiffs learned during discovery on the bad faith claim that USAA contracts with a third party, AIS, to review claims submitted by USAA's insureds. AIS and its subcontractors "audited" the Stiegels' claim. Plaintiffs allege that this

auditing process consists of subjecting the claim to a computerized and automated review that uses algorithms to systematically deny insureds' claims. The claims are then submitted to doctors chosen by a subcontractor of AIS for an additional peer review. Plaintiffs claim that USAA and AIS use these particular doctors because they know that the doctors will provide USAA with ammunition to deny legitimate claims. Plaintiffs allege that the automated review process and the "independent" peer review is a sham designed to deny legitimate claims and conceal USAA's intention to not pay such claims in the first place. Thus, according to Plaintiffs, USAA defrauded them and stole their money when it charged them premiums for insurance coverage that it never intended to provide, and AIS helped USAA cover its tracks.

DISCUSSION

Plaintiffs assert claims against USAA for fraud, breach of contract, bad-faith penalties under O.C.G.A. § 33-4-6, Georgia RICO violations, and unjust enrichment. Plaintiffs similarly assert a Georgia RICO claim against AIS for conspiring with USAA in its efforts to deceive Plaintiffs and steal their premiums. USAA moves to dismiss Plaintiffs' fraud, RICO, and unjust enrichment claims, and AIS moves to dismiss Plaintiffs' RICO claim against it. The focus of Defendants' argument is that

Plaintiffs' only remedy is a claim for breach of contract and bad-faith penalties pursuant to O.C.G.A. § 33-4-6.

Under Georgia law, an insured who alleges that his insurer failed to pay a claim that is covered under his insurance policy is limited to a claim for breach of contract and bad-faith penalties pursuant to O.C.G.A. § 33-4-6. *See McCall v. Allstate Ins. Co.*, 310 S.E.2d 513, 516 (Ga. 1984) (holding that the plaintiff could not recover damages except those provided by O.C.G.A. § 33-4-7 for the insurer's bad-faith denial of her claim and holding that the analysis applied equally to § 33-4-6). But Plaintiffs' fraud and RICO claims are not claims based on USAA's breach of the insurance contract. Those claims rely on elements that are separate and distinct from a breach of contract claim. They are not simply attempts to obtain additional damages for a cause of action that is the same as a breach of contract claim in all but name. Moreover, Plaintiffs allege that they suffered damages flowing from Defendants' tortious conduct that are different than the amount of money that USAA should have paid them according to the insurance policy.

I. **The RICO Claims (Counts V, VI, & IX)**

Plaintiffs' RICO claim is based on Defendants' alleged theft by taking and theft by deception. Plaintiffs allege that Defendants stole their money when they devised a scheme for USAA

6

to avoid paying benefits legitimately owed under their insurance policy while collecting premiums for insurance that they knew was not being provided. Thus, Plaintiffs appear to seek as their damages the return of the money they paid in the form of premiums to USAA. The Court finds that this claim is not a claim by a holder of an insurance policy to recover benefits under the policy and bad-faith penalties based on an insurance company's refusal to pay a loss covered under the policy. Thus, § 33-4-6 does not preclude Plaintiffs from asserting their RICO claim against USAA. And since AIS is not an insurer, § 33-4-6 does not apply to it at all.

*McCall v. Allstate Ins. Co.*, *supra*, does not require a different result. In *McCall,* the Georgia Supreme Court simply reiterated the well accepted and unremarkable principle that when the legislature codifies the exclusive remedy for a particular type of claim, courts must follow the statute. *See id.* at 516 ("[W]here the General Assembly has provided a specific procedure and a limited penalty for noncompliance with a specific enactment, . . . the specific procedure and limited penalty were intended . . . to be the exclusive procedure and penalty."). Specifically, the court in *McCall* held that an insured could not recover punitive damages or damages for injury to its peace, happiness, or feelings based on its insurer's refusal to pay a covered insurance claim because the applicable

7

statute limited the available damages to the amount of the claim, an additional percentage of that amount for a bad-faith penalty, and attorney's fees. It further held that the insured could not recover attorney's fees in the particular case because the insured failed to comply with the procedure outlined in the statute. *Id.* at 515. As previously explained, Plaintiffs' RICO claim does not rest on a determination that USAA failed to pay certain benefits that were covered under their policy with USAA. Instead, it depends on whether Defendants devised an illegal scheme to steal Plaintiffs' money by selling them phony insurance coverage. The Court finds that these allegations sufficiently state a claim for injury that is separate and distinct from that caused by the mere denial of a claim covered by the policy and, thus, that § 33-4-6 does not bar Plaintiffs' RICO claims against USAA or AIS.[1]

AIS, while advancing many of the same arguments as USAA, also argues that Plaintiffs' RICO claim against it must be dismissed because Plaintiffs failed to allege that AIS committed two predicate acts of racketeering. A plaintiff may state a civil RICO claim by alleging that the defendant "knowingly and willfully join[ed] a conspiracy which itself contains a common

---

[1] In *McGowan v. Progressive Preferred Ins. Co.*, 637 S.E.2d 27 (Ga. 2006), the Georgia Supreme Court implicitly acknowledged that the insured there could maintain claims for fraud and civil RICO if it could establish damages flowing from the fraudulent scheme in addition to the amount owed under the policy.

8

plan or purpose to commit two or more predicate acts." *Wylie v. Denton*, 746 S.E.2d 689, 693 (Ga. Ct. App. 2013) (quoting *Rosen v. Protective Life Ins. Co.*, 817 F. Supp. 2d 1357, 1382 (N.D. Ga. 2011) (applying Georgia law)). Plaintiffs have alleged that AIS conspired with USAA to assist USAA in theft by taking and theft by deception against Plaintiffs by putting their claim through the sham review process underlying USAA's deliberate scheme to keep the money the Plaintiffs sent to USAA under the guise of premium payments. Am. Compl. ¶¶ 110–12, 115. Plaintiffs' allegations are sufficient to proceed on their claim for RICO conspiracy against AIS. Thus, Defendants' motions to dismiss Plaintiffs' RICO claims are denied.

**II. The Fraud Claims (Counts I–III)**

Plaintiffs' fraud claims against USAA are not precluded for the same reasons that § 33-4-6 does not preclude their RICO claims. Similar to their RICO claims, Plaintiffs allege that Defendants' fraudulent scheme caused them damages separate and distinct from the mere failure to pay them what was owed under their policy. Plaintiffs allege that they were subjected to liens and were hindered in their ability to obtain needed medical services under their health insurance due to Defendants' fraudulent scheme. Am. Compl. 5, 12, 17, & ¶ 53. Plaintiffs' Complaint could also be construed as seeking rescission of the insurance contract based on USAA's fraud, as well as the return

9

of the premiums they paid. Thus, the fraud claims against USAA, being different and distinct from the alternative claim against USAA pursuant to § 33-4-6, are not precluded.

The Court also rejects USAA's argument that Plaintiffs have not stated a claim for fraud in this action. USAA's reliance on *Globe Life & Accident Insurance Co. v. Ogden*, 357 S.E.2d 276 (Ga. Ct. App. 1987) is misplaced. In *Globe*, the Georgia Court of Appeals reversed a jury's verdict awarding the plaintiff punitive damages for fraud because her case was "plainly and simply one arising on a breach of contract." *Id.* at 277 (quoting *Leonard v. Firemen's Ins. Co.*, 111 S.E.2d 773, 775 (Ga. Ct. App. 1959)). As previously explained, Plaintiffs' Complaint does not merely allege a breach of contract. In addition to a claim for breach of contract, Plaintiffs alleged a fraudulent scheme that caused them compensatory damages separate from the amount they claim they were owed under the contract. And it cannot be seriously argued that they have failed to allege sufficient facts to state the essential elements for a fraud claim under Georgia law.

For the foregoing reasons, USAA's motion to dismiss Plaintiffs' fraud claims is denied.

**III. The Unjust Enrichment Claim (Count IV)**

The Court is skeptical of Plaintiffs' unjust enrichment claim. A jury could not find in Plaintiffs' favor on their

breach of contract claim or on a fraud claim that affirms the insurance contract and also provide compensation for unjust enrichment. A claim for unjust enrichment will only lie "when there is no legal contract." *Ades v. Werther*, 567 S.E.2d 340, 342 (Ga. Ct. App. 2002). But Plaintiffs also allege that the contract is voidable and that they should be allowed to rescind it. The Court questions whether their unjust enrichment claim based upon rescission is any different than their tort claim for fraudulent inducement to enter the contract. Nevertheless, based on the allegations in the Complaint, the Court declines to dismiss the Plaintiffs' unjust enrichment claim at this stage of the proceedings and will revisit the issue at the summary judgment stage. Accordingly, USAA's motion to dismiss Plaintiffs' unjust enrichment claims is denied.

CONCLUSION

For the reasons explained in this Order, USAA's and AIS's motions to dismiss (ECF Nos. 30 & 34) are denied. The parties shall submit a proposed amended scheduling order within 28 days of this ruling.

IT IS SO ORDERED, this 3rd day of October, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
